UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD REACH, | No. C-11-6299 EMC (pr) |
| Petitioner, | |
| v. | **ORDER DENYING HABEAS PETITION** |
| RANDY GROUNDS, Warden, | |
| Respondent. | |

Ronald Reach, an inmate at the Correctional Training Facility - Soledad, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, he claims that the August 29, 2008 determination by the Board of Parole Hearings ("BPH") that he was not suitable for parole denied him due process because there was insufficient evidence to support the decision. He further attacks the sufficiency of the evidence by arguing that there was "no nexus between the facts found to deny parole," the BPH "failed to provide an individualized consideration of all relevant factors," and the BPH relied on "immutable factors." Petition, pp. 5-6.

A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (citations omitted). The court may not grant habeas relief for state law errors. *Id.*

For purposes of federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement of the

reasons why parole was denied. *See Swarthout v. Cooke*, 131 S. Ct. at 862. The Supreme Court explained that no case "supports converting California's 'some evidence' rule into a substantive federal requirement," *id.*, and the Ninth Circuit erred in holding otherwise.

The transcript of the BPH hearing attached to the petition shows that Reach had an opportunity to be heard and received a statement of the reasons why parole was denied. Reach's due process challenges to the evidence relied upon by the BPH must be rejected in light of the Supreme Court's determination that the constitutionally-mandated procedural protections do not include a requirement that the parole denial decision be supported by some evidence (or any other quantum of evidence). The petition must therefore be denied.

A certificate of appealability will not issue because Reach has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED**. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: December 22, 2011

EDWARD M. CHEN
United States District Judge

2